McIlvaine, J.
The defendants in error brought their action, in the Court 'of Common Pleas of Lucas county, against the plaintiff in error, to compel him to specifically perform his contract for the sale and conveyance to the plaintiffs of certain real estate described in the petition. The defendant answered, setting up the statute of frauds and perjuries.
The cause was tried in the Common Pleas, and judgment rendered for the defendant.
The plaintiffs appealed to the District Court, and upon final trial therein, a decree for specific performance was rendered as prayed for in the petition. A new trial was refused, and a bill of exceptions, embracing all the testimony, was made part of the record
This petition is prosecuted to reverse tbe judgment of the District Court, for the reasons that the court erred in admitting improper testimony, and in rendering judgment for the plai ntifls below.
Section 5 of the statute of frauds provides, “ That no action shall be brought whereby to charge the defendant, . . . . upon any contract or sale of lands, tenements, or hereditaments, or any interest in, or concerning of them, *73 _ . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some other person thereunto by him or her lawfully authorized.”
We will first consider whether the record shows that the 'Contract upon which the original action was brought was in writing, and signed by the defendant, within the meaning of said section 5.
The following is a copy of a memorandum signed by the defendant and John W. Euller, one of the plaintiffs, and delivered to Euller on the 8th day of May, 1868:
“ L. T. Thayer is to clear off the present mortgage within ninety days. At that time J. W. E. is to give him mortgage for. amount unpaid, with interest from date of sale, ff. W. E. is to pay taxes for 1808 (that is, on a fair proportion of the lots). J. W. E. is to pay $1,875, and give mortgage for $937.50, due in one year, and same amount due in two years, with annual interest.
“ L. T. Thayer.
J. W. Euller.”
«May 9,1868.”
On the day of the date of this memorandum, the defendant, Thayer, and his wife, signed and acknowledged an in.strument of writing in the usual form of a deed of conveyance, purporting to convey to the plaintiffs, Luce and Euller, by a pertinent description, the real estate described -in the petition, for the consideration of $3,750. Afterward, on the same day, the defendant presented the latter instrument to Euller for his approval of its terms and of the description of the property. Euller assented to and approved of the terms of the instrument, and returned the same to the defendant, who retained the possession thereof.
It was also proved upon the trial that the plaintiff, Euller, In the above transactions, was acting for himself and his cojfiaintiff, Charles L. Luce.
*74 • The question now is, whether these writings, taken separately or together, furnish satisfactory evidence of a full and perfect agreement between the parties for the sale and conveyance of the property described in the petition.
That the memorandum alone is insufficient for that purpose is clear. The absence of necessary description of the subject matter of the contract is a fatal defect. The deed, however, supplies the defects in the memorandum, and taken together (if we may so construe them), we find in the two instruments the terms of a full and complete contract.
That several writings, though executed at different times, may be construed together, for the purpose of ascertaining the terms of a contract and for the purpose of taking an action founded thereon out of the operation of the statute of frauds, is fully settled. 3 Taunt. 169; 1 Bing. 8; 3 Myl. & K. 353; 14 How. S. C. 447; 14 N. Y. 584.
In such cases, however, the mutual relation of the several writings to the same transaction must appear in the writings themselves, parol evidence being inadmissible for the purpose of showing their connection. If one only of such papers be signed by the party to be charged in the action, the rule seems to be that special reference must be made therein to those papers that are not so signed; but if th.e several papers relied on be signed by such party, it is sufficient if their connection and relation to the same transaction can be ascertained and determined by inspection and comparison.
In this case, upon inspection and comparison of th.e memorandum and the deed, although no reference is made in either to the other, we find with reasonable certainty that they do relate to the same transaction, and contain fully the terms-of a contract of bargain and sale between the parties. The coincidences of names, dates, amount of purchase money, and reference to and description of fractional lots, are quite sufficient. But when these coincidences are considered in-connection with the averments and admissions in the pleadings, and the res gestae, we arrive at a degree of certainty- *75 far beyond that which, is required in determining civil issues.
But it is claimed that this deed, which was signed and acknowledged by Thayer after the execution of the memorandum, but which was never delivered, can not be' considered to help out the defective memorandum.
The fact that the deed was signed after the contract itself had been made is no objection. It is well settled that a writing, relied upon to take a case out of the operation of the statute, may bé executed after the verbal agreement is complete and at any time before action brought. 2 Gray, 387; 17 Adol. & El. N. S. 107, 114; 3 Ves. 696.
And as to the objection that this deed was never delivered^ we may admit, as an abstract proposition, that an undelivered deed is no evidence of a subsisting contract between the parties named therein, notwithstanding cases to the contrary. 6 Grat. 78; 9 Grat. 1.
We think, however, that a distinction may well be taken between an instrument of writing in the usual form of a deed of conveyance which has never been delivered for any purpose, or which has been delivered for the purpose of transferring title, and a like instrument which has been delivered merely as an evidence of an executory contract, or as evidence in part of such contract. The distinction exists in the difference of intention with which the acts were performed, and the true intent in either ease must be determined by the circumstances of the act, by the res gestee. It is perfectly clear that such an instrument delivered by the apparent grantor to the apparent grantee under such circumstances as repel the conclusion that a transfer of title was inténded, is inoperative as a conveyance. And it appears to me to be just as clear that the like delivery of such an instrument, under circumstances which show an inten.tion to make a proposition to sell the property therein described on the terms therein written, is a legitimate and proper way to negotiate a contract of sale, and instantly that the terms thus proposed are accepted, the contract of bargain and sale is complete — not executed in fact by trans *76 fer of title, bat executory and evidenced by writing signed by the vendor within the meaning of the statute. Nor does it matter in whose possession the instrument may afterward be placed. The executory contract is subsisting, and will ■continue to be valid and binding upon the parties until mutually rescinded or consummated. Such is the case under consideration. The deed was signed by the defendant below and delivered to the plaintiffs, not as a conveyance of title, but as an evidence of their executory contract ■of bargain and sale.
It is true, the proof of the delivery of the instrument, and the acceptance of its terms by the plaintiffs, was made by parol testimony. To the admission of such testimony for ■such purpose we see no objection. The statute requires written evidence of the agreement to the extent of charging the defendant. Beyond that, the statute does not indicate the nature of the evidence required. And there is no reason why the rule requiring written evidence should be •extended beyond the terms of the statute. It must be observed that the signature of the defendant only is required, .and it must be further observed that verbal contracts touching the subject matter of the statute are not declared to be void. It follows, therefore, we think, that parol testimony may be admitted for the purpose of showing that the plaintiff' agreed to and concurred in the terms of the writing relied upon.
The record shows that on the -trial in the court below, •one of the plaintiffs, John W. Euller, was called as a witness on behalf of the plaintiff's, who produced the memorandum copied above, and testified to its execution by himself and the defendant.
“ And thereupon the plaintiffs’ counsel was proceeding to inquire what transpired between the parties at the time said paper was signed, and whether any other paper was signed between the parties, whereupon counsel for thp defense objected to the introduction of any parol testimony tending to enlarge the terms of said written memorandum; but the court suggested that such testimony as the parties *77 desired to offer might as well be heard, subject to the defendant’s objection, to which the defendant assented, and thereupon the following parol testimony was given to the court, subject to any and all legal and valid objection thereto, on the part of the defendant.” And thereupon Fuller testified that at the same time of the execution of said paper, another memorandum was made by him containing merely a description of the property referred to in this memorandum, and which was identically the same as the description contained in the mortgage attached to the petition in Briscase. That said memorandum of description was not signed by either said Thayer or himself, and he could not-say that it was written on the same piece of paper, but his impression was that it was written on the same piece, and torn off from it, but he £ would not swear to it,’ but it was written within the same five minutes of time, and was part of the same transaction, and was handed to Thayer to get his deed drawn. Afterward, saw the memorandum at the attorney’s office, and had the mortgage attached to-the petition drawn from the same description and exactly like it.”
This unsigned memorandum was lost, at the time of the trial, but it appeared from the evidence that the description of property therein was the same as in the petition,, and in the deed as prepared and signed by the defendant.
The admission of this testimony is assigned for error.
It follows from what has been already said, that this unsigned paper, and the testimony offered touching it, were1 incompetent to sustain the plaintiffs’ case, as no reference-was made to it, either in the other- memorandum or in the deed. Yet, the judgment can not be reversed on the ground that such testimony was admitted, for two reasons: 1. After ■ the testimony was fully in by consent, and its incompetency was made to appear, no motion was made to rule-it out, nor was any exception taken to its admission. For aught that appears the court may have disregarded it. At all events we are not authorized, undertheatate ofthe record,, to assume that it was considered by the court in making: *78 up its decree; and, 2. The rejection of this testimony could not have changed the result of the case. The sole issue to which it was directed, was whether or not the contract upon which the action was brought, was in writing and signed by the defendant within the meaning of the statute, and we have already found that the case was taken out of the operation of the statute by other and undisputed writings.
It is also objected that the decree was rendered in favor of Luce (as well as Puller), witli whom, it is claimed, the plaintiff in error had no contract relation, either verbal or in writing.
It is true the memorandum does not contain the name of Luce, but the deed, which, as we have found, related to the same transaction, does contain the name of Luce (with Puller), as one of the purchasers. Prom this fact, it might be reasonably inferred that the memorandum was made in the name of Puller, for the benefit of Luce and himself, and that Thayer knew at the time that Luce was a party in interest. But independent of such inference, it clearly appears from the testimony in the case, that the contract of purchase was made by Puller for the joint benefit of himself and Luce, and we think it was competent to make such showing by parol testimony. The statute of frauds does not change the law as to the rights and liabilities of principals and agents, either as between themselves, or as to third persons. The provisions of the statute are complied with, if the names of competent contracting parties appear in the writing, and if a party be an agent, it is not necessary that the name of his principal should be disclosed in the writing. Indeed, if a contract, within the purview of the statute, be made by an agent, whether the agency be disclosed or not, the principal may sue or be sued as in other cases. 7 Taunt. 295; 24 N. Y. 57. In objecting to this feature of the decree, it is further-urged that the liability of the plaintiff in error to Luce has been decreed, although Luce was never liable to him. And this result is .claimed to be contrary to the law, which regards reciproc *79 •ity of right to enforce by action, as well as mutuality of obligation to perform, as an essential element in a contract. In answer to this objection we say, that mutuality of obligation (at least of moral obligation) did exist between the .plaintiff in error and Luce, and if the right of action to enforce that obligation does not exist in favor of the former against the latter, it is solely because the statute requires •the written agreement to be signed by the party to be .charged therewith. The remedial laws of the state are under legislative control, and as we understand it, the reciprocal right of parties to enforce certain contracts by action is taken away by force of this statute. If the written agreement in such case be signed by one of the contracting parties and not by the other, the latter may enforce it by action, although the former may be remediless if the agreement be broken against him.

Judgment affirmed.